IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

WILLIAM DENNISON,

          Plaintiff,

v.                                                                              CIVIL ACTION NO. 3:25-0090

KROGER LIMITED PARTNERSHIP I,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff William Dennison's Motion to Remand with Memorandum in Support.[1] ECF No. 6. For the following reasons, the Court **DENIES** the motion.

On May 22, 2024, Plaintiff filed his Complaint in the Circuit Court of Cabell County, West Virginia. In his Complaint, Plaintiff alleges Defendant Kroger Limited Partnership I's negligence caused him to experience "a mechanical fall" on a carpet or rug inside one of its stores on February 14, 2023. *Compl.* ¶¶9, 11, 15-17. As a result, Plaintiff asserts he "has endured and can be expected to endure physical and emotional pain and suffering, emotional distress, mental anguish, loss of enjoyment of life, annoyance and inconvenience and other damages[.]" *Id*. ¶20. Plaintiff also claims that he has undergone medical treatment and expenses as a result of the fall and "he is likely to require medical treatment in the future for [his] injuries[.]" *Id*. ¶21. In his Prayer for Relief, Plaintiff seeks, inter alia, damages for medical expenses; "lost wages;" "economic costs;" "past, present and future physical and emotional pain and suffering, emotional distress, mental anguish,

---

[1] Counsel filed Plaintiff's motion and memorandum as a single document. The Court instructs counsel that, in the future, those documents must be filed as separate documents. *See* L.R. Civ. P. 7.1(a)(1) (providing that supporting memorandum shall not be attached to the motion).

loss of enjoyment of life, annoyance and inconvenience; as well as other special and general damages[.]" *Id*. at 3-4. Nowhere in the Complaint does Plaintiff describe the nature of his injuries, the medical care he has received or will receive, or the amount of damages he intends to pursue.

On January 14, 2025, Plaintiff responded to Defendant's First Set of Interrogatories and Requests for Production of Documents which provided additional information about his claims. Plaintiff's Answers include a statement that he "sustained a concussion that was later deemed a Traumatic Brain Injury (TBI)- brain bleed and double vision. Due to his injury, Plaintiff now relies on a walker to move. However, prior to this incident, Plaintiff was able to walk unassisted." *Pl.'s Answers, Resps., and Objs. to Def.'s First Set of Interrog. and Reqs. for Produc. of Docs.* at 10, ECF No. 8-3. Plaintiff also provided Defendant with medical records and invoices incurred through February 2024 totaling $67,312.55. Based upon this discovery, Defendant removed the action to this Court on February 13, 2025, upon diversity of citizenship and an amount in controversy exceeding $75,000. *See* 28 U.S.C. §§ 1332, 1441, and 1446.[2] In his Motion to Remand, Plaintiff does not challenge that complete diversity exists between the parties. Instead, Plaintiff argues Defendant has not met its burden to prove that the amount in controversy exceeds $75,000, an argument this Court finds preposterous.

In *McCloud v. Followay*, No. CV 3:19-0311, 2019 WL 5268681 (S.D.W. Va. Oct. 17, 2019), this Court explained that, "[w]hen a case is removed based upon § 1332, it is the defendant's

---

[2]Section 1332(a)(1) provides: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States[.]" 28 U.S.C. §§ 1332(a)(1). Section 1441 authorizes the removal of actions when federal jurisdiction exists. Finally, Section 1446(c)(3) states, in part: "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant . . . [of a] paper from which it may first be ascertained that the case is one which is or has become removable. " 28 U.S.C. § 1446(c)(3), in part.

burden to demonstrate diversity of citizenship exits and establish by a preponderance of the evidence the amount in controversy exceeds $75,000." 2019 WL 5268681, at *1 (citing *Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008); *McCoy v. Erie Ins. Co.*, 147 F. Supp.2d 481, 486 (S.D. W. Va. 2001)). When, as here, a specific dollar amount is not made in a complaint, "it is the obligation of the Court to decide whether a defendant has met its burden" by looking at "'the entire record before it and mak[ing] an independent evaluation as to whether or not the jurisdictional amount is in issue.'" *Id*. (quoting *McCoy*, 147 F. Supp.2d at 489; internal quotation marks and citations omitted in *McCloud*). In deciding the issue, the Court does not leave its common sense at the door and may consider such things as the nature and extent of a plaintiff's injuries and the expenses and losses already incurred prior to removal. *Id*. "'Properly analyzed, a court is not to use this information to estimate the amount a jury would award the plaintiff assuming he prevails, but rather to estimate what a reasonable plaintiff would demand or claim. If the court thinks that a reasonable plaintiff would claim more than $75,000, then the defendant has met its burden of proof.'" *Id*. (quoting *Scaralto v. Ferrell*, 826 F. Supp.2d 960, 968 (S.D. W. Va. 2011) (footnote and citation omitted in *McCloud*)).

In this case, Plaintiff does not contest that he provided Defendant with medical expenses in the amount of $67,312.55 through February 2024. Although Plaintiff apparently did not produce any medical bills after February 2024, he stated that his medical "treatment is still ongoing" in his interrogatory responses. *Pl.'s Answers, Resps., and Objs. to Def.'s First Set of Interrog. and Reqs. for Produc. of Docs.* at 9. Despite acknowledging his ongoing medical treatment, Plaintiff argues Defendant is unable to fill the gap between the $67,312.55 in medical bills already disclosed and the over $75,000 threshold amount because he is 92 years old and it is unlikely he will have additional "surgeries."

While it may be a fact that Plaintiff will not undergo additional "surgeries," Plaintiff's statement that he is still receiving medical treatment carries weight. Obviously, medical treatment encompasses more than "surgeries" and, in light of Plaintiff's allegation he suffered a significant injury, this Court has no difficulty finding by a preponderance of the evidence that a reasonable plaintiff will seek to recover those additional medical expenses. Further, it is reasonable to believe those expenses for ongoing treatment will exceed the relatively small $7,687.25 gap between the sizeable medical expenses incurred before February 2024 and what additional medical expenses he will incur or has incurred since that time.

Additionally, Plaintiff seeks damages for such things as pain and suffering, emotional distress and anguish, loss of enjoyment of life, and annoyance and inconvenience. In his motion, his counsel asserts this is merely boilerplate language and any amount Plaintiff may be awarded for these types of damages calls for pure speculation. In addition, Plaintiff asserts he objected to Defendant's interrogatory asking him to calculate his future damages, but he nonetheless claims his injury permanently altered his life and negatively impacted his future enjoyment.[3]

---

[3] Plaintiff responded to the question in full by stating:

> Plaintiff "is not an expert and cannot attest to future damages. Plaintiff is unable to specify what his future damages will be. Plaintiff asserts he intends to call each and every physician and medical care worker who assisted him in his recovery as identified in Interrogatory 9 below. Without waiving any objections, Plaintiff asserts he has suffered permanent life altering damages that will negatively impact his future enjoyment of life. In the event this interrogatory calls for a more definite response, Plaintiff reserves the right to promptly supplement his response.

*Pl.'s Answers, Resps., and Objs. to Def.'s First Set of Interrog. and Reqs. for Produc. of Docs.* at 7.

Albeit true that neither the parties nor the Court can say at this point what amount a jury may award Plaintiff in noneconomic damages, the Court's role is not to estimate what Plaintiff might actually recover. Rather, it is "what a reasonable plaintiff would demand or claim" under the circumstances. *McCloud*, 2019 WL 5268681, at *1 (internal quotation marks and citation omitted). Under the facts of this case, the Court finds a reasonable plaintiff absolutely would demand more than $7,687.25 in noneconomic damages given the nature of Plaintiff's injury and the impact it has had on his life. In fact, even if the Court sets aside considering any medical expenses beyond the $67,312.55 already disclosed, the Court finds it incredulous that counsel even suggests that it is speculative to believe a demand for noneconomic damages would not exceed the $7,687.25 gap. Therefore, the Court finds Defendant has easily satisfied its burden to show by a preponderance of the evidence that the amount in controversy satisfies the requirement for this Court to maintain diversity jurisdiction over this action.

Accordingly, the Court **DENIES** the Plaintiff William Dennison's Motion to Remand. ECF No. 6.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record, and any unrepresented parties.

ENTER:     July 14, 2025

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE