**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

WILLIAM DENNISON,

    Plaintiff,

v.           CIVIL ACTION NO. 3:25-0090

KROGER LIMITED PARTNERSHIP I,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

Defendant Kroger Limited Partnership I filed a Motion to File Document Under Seal and to Limit Access to Document in the Court's File (ECF 43). After the Court informed Defendant it had improperly failed to attach the documents it requests to be sealed, it filed a Motion to File Document Under Seal as to its Motion for Partial Summary Judgment on Plaintiff's Claims for Future Damages (ECF 52) and a Motion to File Document Under Seal as to its Motion for Summary Judgment (ECF 53).

"The right of public access to documents or materials filed in a district court derives from two independent sources: the common law and the First Amendment." *Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). "The common law presumes a right of the public to inspect and copy 'all judicial records and documents.'" *Id.* (quoting *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988)). This presumption "can be rebutted if countervailing interests heavily outweigh the public interests in access . . . ." *Id.* (quoting *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)). In contrast, a court may restrict the public's First Amendment right of access "only on the basis of a compelling governmental interest,

and only if the denial is narrowly tailored to serve that interest." *Id.* (quoting *Stone*, 855 F.2d at 180). "The burden to overcome a First Amendment right of access rests on the party seeking to restrict access, and that party must present specific reasons in support of its position." *Id.*

Whether the common law or the First Amendment applies depends on where the case is in the litigation process. The Fourth Circuit has explained that the First Amendment "does not prohibit a district court from limiting the disclosure of products of pretrial discovery." *United States ex rel. Oberg v. Nelnet, Inc.*, 105 F.4th 161, 172 (4th Cir. 2024). The First Amendment *does* apply to documents attached to dispositive motions and filings made in connection with dispositive motions. *Id.* at 171–72.

Since the documents Defendant asks the Court to seal were filed in connection with summary-judgment motions, the First Amendment applies.

Defendant argues the documents at issue should be sealed because they "involve and describe Plaintiff's medical history, his treatment, and his prognosis." ECF 52, at 3; ECF 53, at 3. Defendant asserts "[r]edaction of information is not appropriate or possible to these documents as their very nature is confidential and private to Plaintiff as they are replete with information regarding Plaintiff's medical treatment and personal information." ECF 52, at 2; ECF 53, at 2.

Defendant accurately characterizes the documents, and the government has a compelling interest in preserving the confidentiality of private medical information, *see, e.g.*, *Taylor v. Wexford Health Sources, Inc.*, 737 F. Supp. 3d 357, 363 (S.D. W. Va. 2024). Further, the Court agrees that redaction would fail to protect Plaintiff's privacy, so sealing is narrowly tailored.

The Court **DENIES as moot** Defendant's Motion to File Document Under Seal and to Limit Access to Document in the Court's File (ECF 43). The Court **GRANTS** Defendant's Motion to File Document Under Seal as to its Motion for Partial Summary Judgment on Plaintiff's Claims

for Future Damages (ECF 52) and Motion to File Document Under Seal as to its Motion for Summary Judgment (ECF 53). The Court **DIRECTS** the Clerk to seal Exhibit 1 of the Motion to File Document Under Seal as to its Motion for Partial Summary Judgment (ECF 52-1) and Exhibit 1 of the Motion to File Document Under Seal as to its Motion for Summary Judgment (ECF 53-1).[1]

The Motions to seal (ECF Nos. 52, 53) and the Authorization for Release of Medical Information attached to the Motion to File Document Under Seal as to its Motion for Partial Summary Judgment (ECF 52-2) should not be sealed.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:        March 31, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

[1] Defendant requests that access to the sealed documents be limited to the parties, "counsel of record for the parties, the Court, Court's staff, and the District Clerk's office." ECF 52, at 5; ECF 53, at 5. By sealing the documents, the Court precludes anyone other than certain Court staff from accessing the documents. Accordingly, sealing is sufficient to limit access as Defendant has requested.

-3-